# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Alisha Clopton, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-cv-01367-JOF |
| City of Forest Park, Georgia, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## OPINION & ORDER

This matter is before the court on the joint motion to stay proceedings [16].

Plaintiff, Alisha Clopton, filed suit against Defendants, City of Forest Park, Georgia; Dwayne Hobbs, Chief of Police for the City of Forest Park, Georgia; and Kenneth Schmidt, a police officer for the City of Forest Park, Georgia. Plaintiff contends that on April 6, 2008, Defendant Schmidt pulled her over to issue several citations. He informed her that her vehicle would have to be towed but that he would give her a "courtesy" ride home. Instead, Plaintiff alleges Defendant Schmidt drove her to an empty parking lot and raped her in the back seat of the police cruiser.

Plaintiff originally filed her complaint in the State Court of Clayton County on April 17, 2009. Defendants removed the suit to this court on May 21, 2009. The parties then filed

a joint motion to stay proceedings. Defendant Schmidt is currently under criminal indictment based on the allegations of rape and assault made by Plaintiff and is awaiting trial in Clayton County, Georgia. Thus far in discovery for the instant civil case, Defendant Schmidt has elected to exercise his Fifth Amendment privilege against possible self-incrimination and will continue to do so until the criminal charges are resolved. Because this will complicate and possibly impede discovery, the parties ask the court to stay the litigation until the criminal charges against Defendant Schmidt have been fully resolved.

The court GRANTS joint motion to stay proceedings [16]. The proceedings in this case are STAYED until April 1, 2010 (with one exception noted below). At that time, counsel for Defendant City of Forest Park, Georgia is DIRECTED to submit a status report to the court.

The court has reviewed Plaintiff's complaint and understands that it was originally filed in state court. As it currently stands, however, the complaint is a classic example of "shotgun" pleading. *See*, *e.g.*, *Ledford v. Peeples*, 568 F.3d 1258, 1277-78 (11th Cir. 2009) (authorizing court to *sua sponte* order repleading of "shotgun" complaint in which multiple claims are lumped together in one count). There are no specific causes of action set forth or even alleged in the complaint.

As the civil case will now proceed in federal court, the court DIRECTS Plaintiff to file an amended complaint within twenty (20) days of the date of this order. The amended

2

complaint should individually set forth causes of action and specify against which Defendants those causes of action are raised. The court further notes that it appears from Plaintiff's complaint that supervisory liability will be at issue. The court points the parties to the Supreme Court's recent opinion in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), as well as *Harper v. Lawrence County, Alabama*, ___ F.3d ___ (11th Cir. Oct. 7, 2009), 2009 WL 3188937, for discussions of the standard for pleading and establishing supervisory liability in section 1983 cases. Defendants are not required to answer the amended complaint until the court lifts the stay.

**IT IS SO ORDERED** this 24th day of November 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)